834 F.2d 172
 UNPUBLISHED DISPOSITION
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marshall JONES, Plaintiff-Appellant,
v.
ST. LOUIS-SAN FRANCISCO RAILWAY, Defendant-Appellee.
 No. 86-6112.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Marshall Jones appeals the district court's grant of summary judgment to defendant-appellee St. Louis-San Francisco Railway Company. Upon consideration, we affirm the judgment of the district court.
 
 
 2
 For the second time this court is called upon to consider the dispute between these parties. Pursuant to the procedures set forth in the collective bargaining agreement between the railway company and the Brotherhood of Locomotive Engineers, Public Law Board No. 1789 was established. Such boards are authorized by 45 U.S.C. Sec. 153 Second (1982) for the purpose of resolving grievances in the railroad industry. Accordingly, Board No. 1798 conducted a hearing regarding the dispute here and found for the railroad.
 
 
 3
 There is no need to restate the facts here. It will suffice to note that in a previous opinion, Jones v. St. Louis-San Francisco Ry. Co., 728 F.2d 257 (6th Cir.1984), we held that the board, in holding adverse to Jones on the merits, had failed to comply with the requirement of the Railway Labor Act to decide the case in a reasonable amount of time. Specifically, the board's decision was not rendered for fourteen months, and this delay divested the board of its jurisdiction to act. We therefore reversed and remanded. On remand Public Law Board No. 3702, successor to Board No. 1789, considered the matter anew and reaffirmed the earlier decision on the reinstatement. This decision was followed by an appeal to the United States District Court for the Western District of Tennessee. The district court granted the Railway's motion for summary judgment. This appeal followed.
 
 
 4
 Jones basically objects because Board No. 3702, on remand, did not reopen the record to receive additional evidence. He contends that the failure to reopen violates the remand order. He further contends that it was error to grant summary judgment in that there exists a genuine issue of material fact.
 
 
 5
 As to the district court's conclusion that Section 153 First and Second do not require the Board to receive or consider supplemental evidence, we do not find that to be in error. A board, like any adjudicative body, must have discretion to determine for itself what facts or evidence are required to inform its resolution of a dispute. Although we may share Jones' concern that Board 3702 could have done a more thorough review, we cannot say that our remand was violated. Therefore we AFFIRM.